# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Timothy Nave, | Civil Action No. 1:16-cv-03373-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Centerra Group, LLC, | |
| Defendants. | |

Plaintiff Timothy Nave ("Plaintiff") filed this action against his former employer, Defendant Centerra Group, LLC ("Defendant") alleging that he was subjected to age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. (ECF No. 1-1 at 17 ¶ 36–18 ¶ 42.) In addition, Plaintiff asserts state law claims for negligent misrepresentation and constructive fraud. (Id. at 15 ¶ 17–17 ¶ 35.)

This matter is before the court pursuant to Defendant's Motion for Partial Judgment on the Pleadings under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. (ECF No. 5.) Specifically, Defendant asserts that it is entitled to judgment on the pleadings as to Plaintiff's claims for negligent misrepresentation and constructive fraud. (Id. at 1.) Plaintiff opposes Defendant's Motion on the claim for negligent misrepresentation. (ECF No. 11 at 4.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On December 28, 2016, the Magistrate Judge issued a Report and Recommendation (ECF No. 24) in which she recommended that the court grant Defendant's Motion in part as to Plaintiff's claim for constructive fraud and deny in part as to his claim for negligent misrepresentation. (Id. at 8.) Defendant filed Objections to the Magistrate Judge's Report and Recommendation, which

Objections are presently before the court. (ECF No. 25.) For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Partial Judgment.

## I. RELEVANT BACKGROUND TO PENDING MOTION

The facts of this matter are discussed in the Report and Recommendation. (ECF No. 24.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of his claims.

Plaintiff alleges that he was hired by Defendant in approximately 1986.[1] (ECF No. 1-1 at 13 ¶ 6.) In 2013, Plaintiff alleges that he was employed "as a Special State Constable, with all the rights, duties, power, and privileges of a deputy sheriff of Aiken, Allendale, and Barnwell Counties," which position "enabled him to make and conduct traffic stops and do traffic crash investigations." (Id. at 13 ¶ 7.) After he was denied a promotion to captain, Plaintiff alleges that he applied for and received approval to attend the South Carolina Criminal Justice Academy ("SCCJA"). (Id. at 14 ¶ 10.) "Plaintiff attended the SCCJA and graduated in October 2014." (Id. ¶ 12.) After graduating from the SCCJA, Plaintiff alleges that he returned to work and was suspended "for 30 days without pay and then demoted" to lieutenant because "he improperly had his service weapon with him when he attended classes at the SCCJA." (Id. ¶ 13.) As a result of his demotion, Plaintiff alleges he "was stripped of his special state constable commission and his class 1 police officer certification." (Id.) Thereafter, Plaintiff alleges that he was forced to resign his employment with Defendant. (Id. ¶ 15.)

---

[1] In the Answer, Defendant states that Plaintiff was hired on "approximately December 23, 1986, and that Plaintiff began work on January 12, 1987." (ECF No. 4 at 3 ¶ 6.)

After his alleged constructive discharge, Plaintiff alleges that he filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission. (Id. at 13 ¶ 5.) Then, on August 4, 2016, after allegedly receiving notice of the right to sue from the EEOC as to the Charge, Plaintiff commenced the instant action against Defendant in the Court of Common Pleas for the County of Aiken (South Carolina) asserting the aforementioned claims for negligent misrepresentation, constructive fraud and violation of the ADEA. (ECF No. 1-1 at 4–10.) On September 6, 2016, Plaintiff amended his Complaint. (Id. at 11–18.) After removing the case to this court on October 13, 2016 (see ECF No. 1), Defendant filed on that same day the instant Motion for Partial Judgment on the Pleadings. (ECF No. 5.) On November 7, 2016, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss (ECF No. 11), to which Defendant filed a Reply Brief in Support of Partial Judgment on the Pleadings (ECF No. 12) on November 11, 2016.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge, after reviewing the parties' briefs and considering their arguments, issued the aforementioned Report and Recommendation on December 28, 2016. (ECF No. 24.) On January 9, 2017, Defendant filed Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 25.)

## II. JURISDICTION

The court has jurisdiction over Plaintiff's ADEA claims via 28 U.S.C. § 1331, as they arise under a law of the United States, and also via 29 U.S.C. § 633(c), which statute empowers district courts to hear claims brought under the ADEA. The court may properly hear Plaintiff's state law claims for negligent misrepresentation and constructive fraud based on supplemental jurisdiction since these claims "are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

### III. LEGAL STANDARD

A. <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections[2] are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B. <u>Motions Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>

A Rule[3] 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[2] An objection is specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." <u>One Parcel of Real Prop. Known As 2121 E. 30th St.</u>, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985)).

[3] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

C.   Motions for Judgment on the Pleadings Pursuant to Rule 12(c)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." Cont'l Cleaning Serv. v. UPS, No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing Herbert Abstract v. Touchstone Props., Inc., 914 F.2d 74, 76 (5th Cir. 1990)). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." Deutsche Bank Nat'l Trust Co. v. IRS, 361 F. App'x 527, 529 (4th Cir. 2010) (citing Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009)); see also Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (citing Edwards v.

City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is "that on a 12(c) motion, the court is to consider the answer as well as the complaint." Fitchett v. Cnty. of Horry, S.C., C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (quoting Cont'l Cleaning Serv., 1999 WL 1939249, at *1); see also A.S. Abell Co. v. Balt. Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964).

### IV.     ANALYSIS

A.     The Report and Recommendation

In the Report and Recommendation, the Magistrate Judge recommends granting Defendant's Motion as to Plaintiff's claim for constructive fraud because he did not provide any argument in opposition. (ECF No. 24 at 8.) As to the claim for negligent misrepresentation, the Magistrate Judge recommends denying Defendant's Motion because "the facts in the record are not sufficiently developed" to allow the court to determine whether any reliance by Plaintiff on a representation made by Defendant was justifiable. (Id. at 6–7.) To support this recommendation and to respond to Defendant's argument (at ECF No. 5-1 at 4–5) that the negligent misrepresentation claim should be dismissed pursuant to Hand v. SunTrust Bank, Inc., C/A No. 6:11-cv-00501-JMC, 2012 WL 3834859 (D.S.C. Sept. 4, 2012), the Magistrate Judge observed that the scope of Plaintiff's injury in this case, i.e., being "'stripped of his special state constable commission and his class 1 police officer certification,'" was broader than the injury alleged by the plaintiff in Hand. (ECF No. 24 at 7 (citing ECF No. 1-1 at 14 ¶¶ 13 & 15).) In this regard, the Magistrate Judge attempted to differentiate this case from the decision in Hand.

B.     Defendant's Objections

Defendant objects to the Report and Recommendation arguing that it is erroneous because

there are no real substantive differences between the material allegations made in this case and the material allegations made in Hand. (ECF No. 25 at 1.) In support of this argument, Defendant asserts that the distinguishing allegations in this case cited by the Magistrate Judge–"that our Plaintiff quit after he was suspended and demoted instead of being outright fired and that as a result of the demotion out of law enforcement, Plaintiff lost his state-issued Class I Law Enforcement certification and special constable commission"–are not distinctive from the Hand plaintiff. (ECF No. 25 at 2 (referencing ECF No. 24 at 6–7).) Defendant further asserts that because the State of South Carolina is the only entity that "can give Plaintiff his credentials and commission back," any liability as to Defendant is based solely on allegations of a wrongful discharge. (Id. at 3.) As a result, Defendant asserts that "the holding in Hand applies and the Magistrate Judge erred in determining that this case was distinguishable." (Id.)

C.  The Court's Review

   **1. Negligent Misrepresentation**

As its Objection to the Report and Recommendation, Defendant asserts that the Magistrate Judge erred in denying it judgment on Plaintiff's negligent misrepresentation claim because (1) the instant case has the same relevant allegations as Hand in that Plaintiff is complaining about things occurring as a result of his allegedly wrongful discharge (ECF No. 25 at 3) and (2) the broader injuries used by the Magistrate Judge to deny the Motion are inapplicable to Defendant since it cannot as a matter of law either issue a law enforcement credential or commission a special constable. (Id. at 2–3 (citing S.C. Code §§ 23-23-40,[4] 23-7-10,[5] 23-7-20[6] (2016)).)

---

[4] S.C. Code § 23-23-40 (2016) provides that "No law enforcement officer employed or appointed on or after July 1, 1989, by any public law enforcement agency in this State is authorized to enforce the laws or ordinances of this State or any political subdivision thereof unless he has been certified as qualified by the council, except that any public law enforcement agency in this

7

In Hand, this court recognized the inherent difficulty under South Carolina law to plead a negligent misrepresentation claim in the employment context. See Hand, 2012 WL 3834859, at *4 ("Although there is no authority addressing the issue under South Carolina law, several other jurisdictions have barred negligent misrepresentation claims in the employer-employee context."). Moreover, this court determined that the allegations presented by the Hand plaintiff did not support her claim for negligent misrepresentation because the claim mirrored a wrongful termination claim and should be dismissed because "[a]llowing [plaintiff] Hand to proceed on a claim for negligent misrepresentation under the facts as pled in her Complaint and Amended Complaint would nullify South Carolina's employment at-will doctrine." 2012 WL 3834859, at *4.

In the instant matter, the Magistrate Judge attempts to distinguish Plaintiff's allegations from the Hand case allegations based on the existence of Plaintiff's broader claims for commission/certification injuries. However, after consideration of the statutory law cited by Defendant, there does not appear to be any authoritative legal justification for the court to find

---

State may appoint or employ as a law enforcement officer, a person who is not certified if, within one year after the date of employment or appointment, the person secures certification from the council; provided, that if any public law enforcement agency employs or appoints as a law enforcement officer a person who is not certified, the person shall not perform any of the duties of a law enforcement officer involving the control or direction of members of the public or exercising the power of arrest until he has successfully completed a firearms qualification program approved by the council; and provided, further, that within three working days of employment, the academy must be notified by a public law enforcement agency that a person has been employed by that agency as a law enforcement officer, and within three working days of the notice the firearms qualification program as approved by the director must be provided to the newly hired personnel."

[5] Under S.C. Code § 23-7-10 (2016), "[t]he Governor may appoint and commission as special State constables such persons, including employees of a contractor of the United States Atomic Energy Commission (in this chapter hereinafter called "the Commission"), as shall be recommended to him in writing by a duly authorized representative of the Commission."

[6] Under S.C. Code § 23-7-20, a special state constable "may be summarily removed by the Governor upon his own initiative or at the request of the Commission or its duly authorized representative.

that Plaintiff's broader claims for commission/certification injuries demonstrate an appropriate negligent misrepresentation claim against Defendant in the employment context. As a result, the court agrees with Defendant that Plaintiff's allegations, including that he was "stripped of his special state constable commission and his class 1 police officer certification," are not enough to distinguish this case from Hand. Accordingly, the court sustains Defendant's Objection to the Report and Recommendation.

### 2. Constructive Fraud

Plaintiff did not file any objections to the Magistrate Judge's recommendation that Defendant's Motion be granted as to Plaintiff's constructive fraud claim. Upon review, the court adopts this recommendation on the basis that it does not contain clear error. Diamond, 416 F.3d at 315 ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (citing Fed. R. Civ. P. 72 advisory committee's note).

## V. CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's recommendation and **GRANTS** Defendant Centerra Group, LLC's Motion for Partial Judgment on the Pleadings pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. (ECF No. 5.) Accordingly, the court **GRANTS** Defendant judgment as to Plaintiff's claims for constructive fraud and negligent misrepresentation.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 18, 2017
Columbia, South Carolina